WN:TMM

**M-11-156**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

EDWIN DELACRUZ,

        Defendant.

- - - - - - - - - - - - - - - X

~~TO BE FILED UNDER SEAL~~

AFFIDAVIT IN SUPPORT OF
ARREST WARRANT

(T. 21, U.S.C., § 963)

EASTERN DISTRICT OF NEW YORK, SS:

    ROBERT BUONASPINA, being duly sworn, deposes and states that he is a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

    Upon information and belief, on or about and between May 1, 2004 to April 15, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant EDWIN DELACRUZ, together with others, did knowingly and intentionally conspire to import a controlled substance into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 952(a).

1

(Title 21, United States Code, Sections 963, 960(a)(1) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 3551 et seq.)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(c), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request an arrest warrant. I have been an agent with HSI since 2007. I have participated in investigations of unlawful drug distribution and have conducted or participated in surveillance, undercover transactions, the execution of search warrants, debriefings of informants and reviews of taped conversations and drug records. Through my training, education and experience, I have become familiar with the manner in which illegal drugs are transported, stored, and distributed, and the methods of payment for such drugs.

2. I have personally participated in the investigation of the offenses discussed below. I am familiar with the facts and circumstances of this investigation from: (a)

---

[1] Because this affidavit is submitted for the limited purpose of establishing probable cause for an arrest warrant, I have not set forth each and every fact learned during the course of the investigation.

2

my personal participation in this investigation, (b) reports made to me by other law enforcement authorities, and (c) information obtained from confidential sources of information and cooperating witnesses.

3. Since 2000, HSI agents have been investigating an American Airlines ("AA") based drug trafficking organization ("DTO") that smuggles narcotics, including cocaine, into the United States through John F. Kennedy International Airport ("JFK") in Queens, New York and other ports of entry. The narcotics are destined for distribution in the Eastern District of New York and elsewhere.

4. During the course of the investigation, HSI arrested an American Airlines employee at JFK ("CW1"), who pleaded guilty to a cocaine importation conspiracy, pursuant to a cooperation agreement. Information provided to date by CW1 has been reliable and independently corroborated by physical evidence.

5. In sum and substance, CW1 informed agents that, since 2004, DELACRUZ has been coordinating, with others, the importation of cocaine aboard AA flights arriving at JFK from destinations in the Dominican Republic. CW1 further informed agents, in sum and substance, that he/she has worked together with DELACRUZ since approximately 2004 to remove cocaine from arriving American Airlines flights.

6. CW1 further recalled that, on numerous occasions, DELACRUZ's narcotics were smuggled inside AA aircraft compartments, including panels, lavatory and inside the cargo area.[2] According to CW1, DELACRUZ was responsible for paying CW1 and co-conspirators. DELACRUZ typically paid CW1 approximately $500.00 per kilogram of cocaine retrieved by CW1. The CW1 indicated, in sum and substance, that on occasion he/she would pay other co-conspirators at the direction of DELACRUZ.

7. According to CW1, in sum and substance, DELACRUZ and CW1 would often track AA aircraft originating in the Dominican Republic and ultimately destined for the Eastern District of New York. Specifically, DELACRUZ and CW1 would utilize AA software with help from other co-conspirators to locate the inbound aircraft containing narcotics.

8. During the course of the investigation, HSI agents debriefed another former AA employee ("CW2"), who pleaded guilty to a narcotics trafficking felony pursuant to a cooperation agreement, about DELACRUZ.[3] CW2, in sum and substance, stated that from approximately spring 2004 though 2007, he/she assisted DELACRUZ in retrieving narcotics from

---

[2] CW1 recalled additional concealment methods utilized by DELACRUZ and DELACRUZ's co-conspirators.

[3] CW2 has similarly provided reliable information that has been corroborated by independent evidence.

4

aircraft. CW2 further stated, in sum and substance, that he/she accommodated DELACRUZ's requests to track specific inbound AA aircraft containing narcotics. CW2 would also ensure that DELACRUZ and other co-conspirators had access to inbound AA aircraft containing narcotics.

9. CW2 stated, in sum and substance, that DELACRUZ personally paid him/her between $300 to $500 for assisting DELACRUZ in successfully retrieving narcotics. CW2 recalled receiving payment from DELACRUZ in excess of twenty-five times.

WHEREFORE, your deponent respectfully requests that a warrant issue for the defendant EDWIN DELACRUZ so that he may be dealt with according to law.

ROBERT BUONASPINA
Special Agent
Homeland Security Investigations

Sworn to before me this
11 day of February, 2011

HONORABLE JAMES ORENSTEIN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

5